**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3210
_____

MARK D. DEHAINAUT,
Appellant

v.

CALIFORNIA UNIVERSITY OF PENNSYLVANIA; PENNSYLVANIA STATE
SYSTEM OF HIGHER EDUCATION

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-10-cv-00899
District Judge: The Honorable Terrence F. McVerry

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 30, 2012

Before: FUENTES, SMITH, and JORDAN, *Circuit Judges*

(Filed:  July 25, 2012)

_____

OPINION
_____

SMITH, *Circuit Judge*.

Mark D. DeHainaut, who was an associate professor at California University of

Pennsylvania (CALU), taught on-line and on-campus courses from 2002 to 2007.  In

1

April of 2008, he suffered a hemorrhagic stroke, which limited his activities of daily living. As a result, he sought an accommodation from CALU that would enable him to teach only on-line courses. CALU declined to provide the accommodation. Thereafter, DeHainaut commenced this civil action in the United States District Court for the Western District of Pennsylvania. He asserted several claims, including a claim under the Rehabilitation Act, 29 U.S.C. § 791, against CALU and the Pennsylvania State System of Higher Education (PSSHE). A motion to dismiss resulted in the filing of an amended complaint, which alleged disability discrimination and retaliation in violation of the Rehabilitation Act. After an initial case management conference, the case proceeded to mediation.

The mediator explored the expectations of the parties and the merits of DeHainaut's claims. As the mediation session concluded, DeHainaut's counsel prepared a handwritten document entitled "MEMO OF AGREEMENT." It set forth the terms of the settlement reached by the parties and the date of the mediation. The document was signed by DeHainaut, his wife (even though she was not a party to the lawsuit), his counsel, and counsel for CALU and the PSSHE. The terms set forth a formula for calculating an award of back wages, provided that CALU would cooperate with DeHainaut's application for disability retirement, which would entitle him to health care benefits commensurate with any other retiree, required the execution of a release and settlement agreement, established that DeHainaut's employment would terminate at the conclusion of the 2010-2011 academic year and that he would not apply for further employment, and obligated CALU to pay for the cost of the mediation.

2

Several days later, counsel for CALU and the PSSHE advised DeHainaut's counsel of the back pay award calculated under the formula. To the surprise of both counsel, the amount was lower than the $35,000 figure contemplated by CALU at the mediation. Nonetheless, counsel advised that CALU and the PSSHE were willing to tender that amount plus an additional sum to reach the $35,000 figure it had envisioned the formula would yield. DeHainaut was not receptive to the news, and he eventually retained new counsel. CALU and PSSHE then filed a motion to enforce the settlement. At a hearing on the motion before the District Court, the mediator and DeHainaut's former counsel testified about the mediation proceeding. According to the mediator, although DeHainaut and his wife "grudgingly" signed the agreement, he was of the belief that a settlement had been reached.

After consideration of the record, the District Court granted the motion to enforce the settlement. It found that the "parties entered into an agreement at the mediation session on March 4, 2011, the material terms of which were agreed upon by both parties and memorialized in the Memo of Agreement written by [DeHainaut's] then counsel, and are sufficiently definite to be specifically enforced." [A13] The Court noted that the settlement varied from DeHainaut's subjective expectations, but that he "grudgingly" agreed to the terms. The Court rejected DeHainaut's contention that he was forced to sign the document before he could leave the mediation, finding credible the testimony of DeHainaut's former counsel to the contrary. The Court concluded that the signatures of DeHainaut and his wife demonstrated that they "understood at that moment that the resolution of the litigation had been reached."

3

This timely appeal followed.[1]  Because the District Court conducted an evidentiary hearing, we review the District Court's factual findings for clear error, and conduct plenary review of the issues of law.  *See Tiernan v. Devoe*, 923 F.2d 1024, 1031 n.5 (3d Cir. 1991).

We apply Pennsylvania state law to the enforceability of the parties' settlement agreement.  *Id.* at 1033.  In *Mazzella v. Koken*, 739 A.2d 531 (Pa. 1999), the Pennsylvania Supreme Court noted that:

> The enforceability of settlement agreements is governed by principles of contract law.  To be enforceable, a settlement agreement must possess all of the elements of a valid contract.  As with any contract, it is essential to the enforceability of a settlement agreement that the minds of the parties should meet upon all the terms, as well as the subject-matter, of the [agreement].  Where the parties have agreed on the essential terms of a contract, the fact that they intend to formalize their agreement in writing but have not yet done so does not prevent enforcement of such agreement.

*Id.* at 536 (citations and internal quotation marks omitted).  After review of the record before us, we conclude that the District Court did not clearly err in finding that the parties had reached an agreement at the mediation session.  We appreciate DeHainaut's assertion that the District Court erred in finding that the parties had resolved their dispute as the key terms of the settlement, *i.e.,* the amount of the back pay to be paid and the provision of medical benefits, had yet to be definitively determined.  Nonetheless, we will not disturb the District Court's finding because the Court explained that the agreement concerned the formula to be used in computing the back pay award and the mechanism by which DeHainaut could pursue the desired medical coverage.

---

[1]  The District Court exercised jurisdiction under 28 U.S.C. § 1331.  We have final order jurisdiction under 28 U.S.C. § 1291.

4

DeHainaut also contends that the District Court erred as a matter of law in concluding that the Memo of Agreement was sufficiently definite to constitute an enforceable agreement. In DeHainaut's view, the Memo of Agreement failed to establish the key terms of the settlement, the amount of the back pay award and the continuation of medical coverage. We agree that the absence of these terms in some circumstances might preclude a determination that the material terms of an agreement had been reached by the parties. But under the circumstances before us, where what the parties agreed to was a formula to utilize in calculating the back pay and a means to pursue a continuation of medical coverage, we find no error by the District Court in concluding that the Memo of Agreement contained the necessary elements of a contract.

DeHainaut further challenges the District Court's order enforcing the settlement on the ground that CALU and PSSHE did not have requisite authority to settle the dispute. This issue was not raised in the District Court and we will not consider it for the first time on appeal. *See Newark Morning Ledger Co. v. United States*, 539 F.2d 929, 932 (3d Cir. 1976).

Finally, DeHainaut asserts that because this settlement is of a claim that his civil rights were violated, CALU and PSSHE must demonstrate that he executed the Memo of Agreement knowingly and voluntarily. Appellant's Br. at 39 (citing *W.B. v. Matula*, 67 F.3d 484, 497 (3d Cir. 1995) (overruled on other grounds)). The District Court's Memorandum Opinion demonstrates that it fully considered the totality of the circumstances and concluded that the circumstances demonstrated that DeHainaut knew he was signing a settlement and that the terms were not as favorable as those for which he

5

had hoped. The voluntariness of DeHainaut's execution is further supported by the District Court's finding that his former counsel credibly testified that DeHainaut was not forced to sign the Memo of Agreement in order to leave the mediation session.

For the reasons stated above, we will affirm the District Court's order granting the motion to enforce the settlement.